**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DAVON L. JOHNSON, | : | Case No. 2:24-cv-2303 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| MICHAEL HOLBROOK, ET. AL., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE PETITION ON SUPPLEMENTAL PRELIMINARY REVIEW**

On February 13, 2024, Petitioner, Davon L. Johnson ("Petitioner"), a pretrial detainee currently awaiting trial while housed at the Franklin County Center in Columbus, Ohio, filed a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus (the "Petition") seeking review of three grounds. (ECF No. 1.)  The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and General Order 22-05.  This matter is currently before this Court to perform a supplemental preliminary review of the Petition to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  *See* 28 U.S.C. §§ 2241, 2243.  For the reasons set forth below this Court determines the claims are not cognizable and therefore **RECOMMENDS DISMISSAL** of the Petition in its entirety.

This Court performed a preliminary review of the Petition on June 21, 2024, determining that it appeared Petitioner's speedy trial claims set forth in Grounds One and Two were subject to dismissal (the "Preliminary Review").  (ECF No. 6).  In the Preliminary Review, Petitioner was ordered to show cause within thirty days why Grounds One and Two should not be

dismissed (the "OTSC"). (*Id.* at PageID 10).  Petitioner was further warned that a failure to respond to the OTSC would result in this Court recommending dismissal of Grounds One and Two of his Petition.  (*Id.* at PageID 11).  To date, Petitioner has not responded to the OTSC or otherwise participated in this action and more than thirty days have passed since its entry on July 6, 2023.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).

For the reasons set for in the Preliminary Review, and as Petitioner has failed to respond to the OTSC and the time to do so has passed, this Court **RECOMMENDS** that Grounds One and Two of the Petition should be **DISMISSED**.

In the Preliminary Review, this Court abstained from addressing Petitioner's Ground Three, which this Court construed as alleging a Sixth Amendment ineffective assistance of counsel claim relating to his pre-trial counsel's failure to adequately apprise him of what rights he was waiving when agreeing to execute a speedy trial waiver.  (*Id.* at PageID 10–11).  As explained in the Preliminary Review, in the case of a § 2241 petition brought forth by a pre-trial detainee, a federal court should abstain from addressing issues raised in a petition which "may be resolved either by trial on the merits or by other procedures available to the petitioner." (*Id.* at PageID 6 (citing *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042-44 (S.D. Ohio 2011)).  Here, because a resolution of the criminal charges against Petitioner has yet to proceed, Petitioner's ineffective assistance of counsel claim is premature. This is so because Petitioner's

Ground Three ineffective assistance claim would be resolved if Petitioner "prevails before trial, at trial, on direct appeal in state court, or in state post-conviction proceedings." *See Houston v. Helton*, No. 1:23-CV-00021, 2023 WL 3829400, at *3 (M.D. Tenn. June 5, 2023) (citing *Labadie v. Bitner*, No. 2:18-cv-41, 2018 WL 4090557, at *2 (W.D. Mich. Aug. 28, 2018) (finding a Section 2241 ineffective-assistance claim brought by a pre-trial detainee to be premature)). Moreover, "if Petitioner is convicted and then unsuccessful in pursuing relief from that conviction in state court, he may bring an ineffective-assistance-of-counsel claim in a Section 2254 habeas petition, subject to all applicable rules and time limits." *Helton*, 2023 WL 3829400 at *3 (citing *Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020).

Finally, while claims that the state prosecution violates the Double Jeopardy Clause, speedy trial claims where a petitioner seeks an order compelling the state to grant him a speedy trial rather than dismissing the state court action, and claims where a petitioner on retrial faces prejudice from prior ineffective assistance of counsel are exceptions to the abstention doctrine, (ECF No. 6 at PageID 6 (citations omitted), none of these exceptions apply to Petitioner's allegations supporting Ground Three.  Therefore, this Court **RECOMMENDS** that Ground Three of the Petition should also be **DISMISSED** under the abstention doctrine.

As no further claims remain, it is therefore **RECOMMENDED** that this matter be **DISMISSED** under the abstention doctrine and alternatively that Grounds One and Two of the Petition be **DISMISSED** for lack of prosecution.

September 3, 2024                                          */s/ Chelsey M. Vascura*
                                                                            Chelsey M. Vascura
                                                                            UNITED STATES MAGISTRATE JUDGE

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).